UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES DEPARTMENT OF DEFENSE, et al., § § § *Plaintiffs*, § § v. § § AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, DISTRICT 10, et al., § § § *Defendants*. § | Case No. 6:25-cv-00119-ADA |

## DECLARATION OF RUSHAB SANGHVI IN SUPPORT OF MOTION TO DISMISS

I, Rushab Sanghvi, declare as follows:

1. I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2. I am General Counsel of the American Federation of Government Employees, AFL-CIO ("AFGE"), a national labor organization and unincorporated association that represents approximately 800,000 federal civilian employees through its affiliated councils and locals in every state, Puerto Rico, Washington, D.C., and the Indo-Pacific region. AFGE federal employee members include health care workers caring for our nation's veterans in the Department of Veterans Affairs, workers protecting human health and the environment, scientists conducting critical research, civilian employees in the Department of Defense supporting our military personnel and their families, correctional officers maintaining safety in federal facilities, health care workers serving on military bases, and employees of the Social Security Administration making sure retirees receive the benefits they have earned.

3. AFGE is headquartered at 80 F Street NW, Washington, D.C. 20001.

4. I have been General Counsel of AFGE since November 2024. Prior to that I served as Deputy General Counsel for five years and I have held several other roles with AFGE since September 2010.

5. AFGE estimates that approximately 600,000 (roughly three-quarters) of the employees it represents work at federal agencies and departments that were excluded from the coverage of Chapter 71 of Title 5 of the U.S. Code by the March 27, 2025, Executive Order titled "Exclusions from Federal Labor Management Relations Programs" ("Executive Order"). Those employees, according to the Executive Order and a Memorandum issued by Charles Ezell, the Acting Director of the Office of Personnel Management ("OPM Memorandum"), no longer have the right to collectively bargain with their employers through AFGE or any other union.

6. AFGE's affected members work in the Department of Health and Human Services, Department of Veterans Affairs, Department of the Interior, Department of Energy, Department of Agriculture, Department of Commerce, Environmental Protection Agency, National Science Foundation, United States Agency for International Development, Nuclear Regulatory Commission, International Trade Commission, General Services Administration, Department of Housing and Urban Development, Department of State, Department of Defense, Department of Homeland Security, Department of Justice, Department of Transportation, Office of Personnel Management, Department of Labor, Department of Education, and Social Security Administration.

7. AFGE and its affiliates did not receive any prior notice—before the issuance of the Executive Order—of the Administration's intention to eliminate statutory collective bargaining rights from employees in the agencies and departments listed above, including the rescission of

the collective bargaining agreements that protect more than 600,000 affected employees nationwide.

8. I first learned the contents of the Executive Order after I received an urgent email from a staff member at AFGE headquarters at 10:11 PM on March 27, 2025, informing me that it had been posted on the White House website. Because OPM had issued guidance in anticipation of the Executive Order earlier that day, my team and I were diligently checking the White House website that evening to learn the contents of the Executive Order. If the Executive Order had been publicly available earlier in the day, I would have been aware of it.

**AFGE Organization and Governance**

*Districts*

9. For internal governance and administrative purposes, AFGE is divided into 12 "districts" covering different geographic areas within the United States and abroad. Per AFGE's Constitution, AFGE members in each district elect a National Vice President (NVP). The NVP, together with the elected National President, Secretary-Treasurer, and NVP for Women and Fair Practices, form the National Executive Committee (NEC), which is the body that makes policy decisions for AFGE.

10. AFGE's districts, including District 10, are not independent labor organizations that can sue or be sued. They are not certified as representatives of employees for purposes of collective bargaining. Districts do not have members, nor do they have their own constitutions or bylaws. They do not file annual reports that are legally required for labor organizations representing federal employees. AFGE's districts are simply administrative subdivisions of the national union, intended to help implement the policy decisions made by the national union, to provide general

supervision for local affiliates, and to report local and regional concerns back up the ladder to the NEC.

*Local Unions and Councils*

11. From the perspective of a represented employee, day-to-day union representation is provided by their local union ("local"). There are thirty-one local affiliates that are Defendants in this suit. Each represents a group of federal employees in a particular location or subdivision of an agency or department. A single local can represent employees in different locations and different bargaining units, which are covered by different collective-bargaining agreements ("CBAs"). For example, per AFGE's records, a portion of the employees represented by Defendant Local 779 (Sheppard AFB) are covered by the national contract negotiated by AFGE Council 172 with the Defense Commissary Agency. Council 172 is not named as a Defendant in this lawsuit.

12. A local union's functions include filing and resolving grievances on behalf of employees and addressing other immediate workplace concerns. In some cases, local unions negotiate collective-bargaining agreements directly with the employer. Local unions have their own bank accounts, constitutions, and bylaws. In some cases, they are required to register independently with the state where they reside. It has long been understood that local unions—which directly represent employees and file annual reports—are labor organizations that can sue and be sued.

13. AFGE has 919 local union affiliates in the United States. They are located in nearly every judicial district in all fifty states, Puerto Rico, and Washington, D.C.

14. Many national unions, including AFGE, are also organized at the "council" level. Councils are an intermediate organizational level between local unions and the national. They are a means by which related locals can work together in order to increase their efficiency and bargaining

power. Like local unions, councils have their own bank accounts and bylaws. They are required to file annual reports with the government. Councils are entities that can sue and be sued.

15. Because many federal agencies have offices throughout the country, AFGE often represents geographically diverse collections of federal employees who work for the same agency or department, but in many different locations. That is why AFGE has chartered a number of nationwide councils. AFGE's councils generally represent all the unionized employees working at a given agency. In many cases, AFGE delegates authority to these councils to negotiate directly with a federal agency and sign a "master" national collective-bargaining agreement that covers all the represented employees in its constituent locals. Local unions are not signatories to these national CBAs.

*Certifications*

16. Under the federal statute that governs labor relations for federal employees, the Federal Service Labor Management Relations Statute (FSLMRS), 5 U.S.C. §§ 7101–7135, it is the labor organization that is named in the certification issued by the Federal Labor Relations Authority (FLRA) that has the legal obligation to negotiate CBAs with employers and otherwise provide representation to the employees in the bargaining unit described in the certification. *See* 5 U.S.C. §§ 7103(a)(16), 7114(a)(1), *Karahalios v. Nat'l Federation of Fed. Emps., Loc. 1263*, 489 U.S. 527, 531–32 (1989). Likewise, an agency-employer's duty to bargain in good faith extends to the labor organization identified in the certification. *See* 5 U.S.C. § 7114(a)(4).

17. When the employees in a bargaining unit choose to be represented by AFGE, the FLRA issues a certification. In theory, FLRA certifications can be held at the local, council, or national level. In AFGE's case, the vast majority of those certifications are issued in the name of AFGE itself and are held by the national union. AFGE then delegates, from time to time, its various

responsibilities as the certified representative to local unions and councils. For example, AFGE might delegate its authority to a council to negotiate a nationwide CBA on behalf of all the constituent locals that represent employees at a particular agency.

18. According to AFGE's database, out of the thirty-one local unions in this suit, only four (Locals 1367, 1920, 2142, and 2356) hold their own certifications to represent any of the employees they represent. AFGE's records show that the certifications for the other twenty-seven local Defendants are held outside this district, mostly by AFGE national in Washington, D.C.

## Defendants

*Councils*

19. Five councils are named as Defendants in this suit: Council 33, Council 222, Council 238, the National Joint Council of Food Inspection Locals (Council 45), and the VA Council (Council 53). Each of those councils has negotiated and is signatory to a master collective-bargaining agreement that covers employees nationwide, including many of the employees represented by local union Defendants.

20. None of the five councils named as Defendants in this case are headquartered in Texas.

21. The overwhelming majority of the employees represented by Defendant councils, and whose rights would be affected by the recission of the councils' nationally bargained CBAs, do not reside or work in this judicial district.

22. AFGE Council 33 represents more than 30,000 employees in 101 local unions who work for the Federal Bureau of Prisons (DOJ) throughout the country, according to AFGE's records. The address of Council 33's headquarters is 220 Cleveland Ave., Forrest City, AR 72335.

23. Council 33 negotiated a national CBA with the Bureau of Prisons that expires in May 2026. To the best of my knowledge, that CBA was not negotiated in this judicial district. Federal

employees in Defendant Locals 1030, 1298, 1637, 2459, 3809, 3828, and 4044 are covered by that CBA, though none of those locals are signatories to the contract.

24. AFGE Council 222 represents approximately 5,500 employees in 17 local unions who work at the Department of Housing and Urban Development (HUD) throughout the country, according to AFGE's records. Council 222 is headquartered in Alexandria, VA 22304.

25. Council 222 negotiated a national CBA with HUD that expires this year, in July 2025. To the best of my knowledge, that CBA was not negotiated in this judicial district. Employees in Local 3320 are covered by that CBA, though it is not a signatory.

26. AFGE Council 238 represents more than 8,000 employees in 13 local unions who work at the Environmental Protection Agency (EPA) throughout the country, according to AFGE's records. The address of Council 238's headquarters is 80 Canterbury Way, Cape May, NJ 08210.

27. Council 238 negotiated a national CBA with the EPA that expires in June 2028. To the best of my knowledge, that CBA was not negotiated in this judicial district. Employees in Local 1003 are covered by that CBA, though it is not a signatory.

28. The AFGE National Joint Council of Food Inspection Locals represents approximately 5,900 employees in 71 local unions representing Food Inspectors and Consumer Safety Inspectors in the Office of Field Operations of the Food Safety and Inspection Service, U.S. Department of Agriculture (FSIS), according to AFGE's records. The address of the Council of Food Inspection Locals' headquarters is 2557 South Madison Road, Beloit, WI 53511.

29. The National Joint Council of Food Inspection Locals negotiated a national CBA with FSIS that expires in June 2026. To the best of my knowledge, that CBA was not negotiated in this judicial district. Employees in Locals 681, 1903, 2771, 3523, and 3941 are covered by that CBA, though none of those locals are signatories to the contract.

30. The AFGE VA Council represents more than 300,000 employees in 175 local unions who work at the Department of Veterans Affairs ("VA") throughout the country, according to AFGE's records. Contrary to the Complaint, the VA Council is headquartered at 1970 Roanoke Blvd., Building 76, Suite 106, Salem, VA 24153.

31. Due to the size of the VA Council, it is divided into administrative districts, as is AFGE. The VA Council's district offices—including the one located in Houston, Texas—do not represent employees or file paperwork independent of the Council itself. The District 10 office is simply an administrative subdivision of the Council itself. It is not an entity that can sue or be sued.

32. The VA Council negotiated a national CBA with the VA that expires in August 2026. Employees in Locals 1038, 1454, 1633, 1822, 1934, 2437, 2836, 3511, and 3922 are covered by that CBA, though none of those locals are signatories to the contract.

*Local Unions*

33. Thirty-one local unions are named as Defendants in this suit. They are Locals 779, 1004, 1033, 1364, 1367, 1920, 2142, 2356, 681, 1903, 2771, 3523, 3941, 1003, 3320, 1030, 1298, 1637, 2459, 3809, 3828, 4044, 1038, 1454, 1633, 1822, 1934, 2437, 2836, 3511, and 3922.

34. Out of those thirty-one local unions, twenty-four represent only employees that are covered by CBAs that were negotiated at the national level and which cover employees nationwide, most of whom reside outside of this judicial district. In other words, none of the employees represented by those twenty-four Defendants are covered by a CBA that applies solely to employees in their local, in this judicial district, or in Texas.

35. That leaves only seven local union defendants who are themselves signatories to CBAs that cover at least some of their represented employees. They are:

a. Local 779 is headquartered at Sheppard AFB, Wichita Falls, TX 76311. It represents general-schedule employees at Shephard AFB, excluding management officials, supervisors, temporary employees, and confidential employees.[1] Per AFGE's records, Local 779 also represents employees who are covered by the national CBA with the Defense Commissary Agency.

b. Local 1004 is headquartered at Brooks Army Medical Center, Fort Sam Houston, San Antonio, TX 78234. It represents non-professional general schedule and wage grade employees employed at the Medical Center, excluding managers, supervisors, and confidential employees. Per AFGE's records, Local 1004 also represents employees who are covered by the national CBA with the Defense Health Agency.

c. Local 1364 is headquartered at the Naval Air Station Fort Worth Joint Reserve Base, Fort Worth, TX 76217. It represents non-supervisory, non-professional employees that are serviced by the Civilian Personnel Office, NAS Forth Worth JRB.

d. Local 1367 is headquartered at the 37th Training Wing, Lackland Airforce Base, San Antonio, TX 78277. It represents non-appropriated fund employees, excluding temporary employees, managers, supervisors, and professional employees.

e. Local 1920 is headquartered at Fort Hood, Killeen, TX. It represents wage-grade and general-schedule employees other than professional employees, temporary employees, supervisors, and managers. Per AFGE's records, Local 1920 also represents employees who are covered by a number of national CBAs, including the Defense Commissary Agency, the Defense Health Agency, and the Army and Air Force Exchange Service.

---

[1] Per the FSLMRS, no bargaining unit of federal employees can include "any employee engaged in intelligence, counterintelligence, investigative, or security work which directly affects national security." 5 U.S.C. § 7112(b)(6).

9

 f. Local 2142 is headquartered at the Corpus Christi Army Depot, Corpus Christi, TX 78413. It represents professional and non-professional employees, excluding supervisors and confidential employees. Per AFGE's records, Local 2142 also represents employees who are covered by the national CBA with the Defense Logistics Agency.

 g. Local 2356 is headquartered at Dyess AFB, Abilene, TX 79607. It represents non-professional, appropriated fund employees serviced by the Civilian Personnel Flight, Dyess AFB, excluding temporary employees, supervisors, managers, and confidential employees. Per AFGE's records, Local 2356 also represents employees who are covered by the national CBA with the Defense Commissary Agency.

36. According to the AFGE database, only three of the above-listed locals are headquartered in this judicial district. They are Locals 1004, 1367, and 1920.

37. Also according to AFGE's records, no Defendant in this lawsuit represents any federal employees employed by the Department of Homeland Security or Social Security Administration.

## DOCUMENTS

38. A true and correct copy of the Executive Order, as it appeared on the White House website on March 27, 2025, is attached as Exhibit A.

39. A true and correct copy of a Memorandum issued by the Office of Personnel Management, also on March 27, 2025, is attached as Exhibit B.

40. A true and correct copy of AFGE's March 3, 2025, Press Release (referenced in the Complaint at ¶ 172) is attached as Exhibit C. This press release was drafted, approved, and posted from AFGE headquarters in Washington, D.C.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: April 20, 2025

_____
Rushab Sanghvi