UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES DEPARTMENT OF DEFENSE, et al., § § § *Plaintiffs*, § § v. § § AMERICAN FEDERATION OF § GOVERNMENT EMPLOYEES, AFL-CIO, § DISTRICT 10, et al., § § *Defendants*. § § | Case No. 6:25-cv-00119-ADA |

**<u>DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Defendants file this notice to inform the Court of an opinion that was issued recently in *Department of Treasury v. National Treasury Employees Union (NTEU), Chapter 73*, No. 2:25-049-DCR, 2025 WL 1446376 (E.D. Ky May 20, 2025) (attached as **Exhibit A**). *Department of Treasury* is a largely identical suit for declaratory relief that was brought by the government against a regional chapter of a different union in the Eastern District of Kentucky.

On May 20, 2025, the court (Reeves, J.) dismissed the lawsuit in *Department of Treasury*, concluding—based on the same arguments raised by Defendants in this suit—that the government failed to establish standing to seek a declaratory judgment that it had the authority to rescind certain collective bargaining agreements (CBAs) with federal-sector unions. Relying in part on *Saginaw County v. STAT Emergency Medical Services, Inc.*, 946 F.3d 951 (6th Cir. 2020), the court found that the government failed to demonstrate an actual or imminent injury sufficient to establish standing. Among other things, the court found that the burden of complying with the CBA was not an injury that could establish standing under Article III. Exh. A, at 27-28 (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 120 n.9, 134 n.12 (2007)). The court also rejected as "too speculative" the government's argument that it had standing as a declaratory plaintiff because it could become liable in the future for backpay, *id.* 26-27, a remedy which in any event is "inherently remedial, not punitive," *id.* at 24 & n.10. The court further noted its concern that entertaining the government's lawsuit would "open the door for any government entity to first seek authorization from a court before enforcing laws." *Id.* at 26 n.11 (citing *Saginaw Cnty.*, 946 F.3d at 957 ("A contrary rule would open the door to piecemeal adjudication, encourage contrived lawsuits, and require the federal courts to stare down countless advisory-opinion requests as government claimants rush to the federal courthouse for pre-enforcement advice.")).

Date: May 28, 2025                                   Respectfully submitted,

/s/Charles Ainsworth

| | |
|---|---|
| Abigail V. Carter | Charles Ainsworth |
| D.C. Bar No. 474454 | Texas State Bar No. 00783521 |
| Joshua Shiffrin* | **Parker, Bunt & Ainsworth, P.C.** |
| Lane Shadgett* | 100 E. Ferguson Suite 418 |
| **Bredhoff & Kaiser, PLLC** | Tyler, TX 75702 |
| 805 15th Street NW, Suite 1000 | Tel. (903) 531-3535 |
| Washington, D.C. 20005 | charley@pbatyler.com |
| Tel. (202) 842-2600 | |
| Fax (202) 842-1888 | |
| acarter@bredhoff.com | |
| jshiffrin@bredhoff.com | |
| lshadgett@bredhoff.com | |

*Attorneys for Defendants*

*\*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing **Notice of Supplemental Authority** was electronically filed on May 28, 2025, and is being sent to all counsel of record via the Court's electronic filing system.

/s/Charles Ainsworth